IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CORA L. DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:20-cv-90-JTA |
| | ) | |
| KILOLO KIJAKAZI, | ) | (WO) |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), the claimant, Cora Lynn Duncan, brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 15.)[2] The Commissioner denied Duncan's claim for a period of disability and disability insurance benefits ("DIB"). (*Id*.) The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 9, 10.)

Based upon review of the record and the briefs submitted by the parties, the Court finds that the Commissioner's decision is due to be REVERSED and that this matter be REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Under Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi, the acting Commissioner of the Social Security Administration, for Andrew Saul, the former Commissioner.

[2] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

## I. PROCEDURAL HISTORY AND FACTS

Cora Lynn Duncan ("Duncan") was born on October 20, 1962 and was 55 years old at the time of the administrative hearing held on October 4, 2018. (R. 30.)[3] (Doc. No. 15.) She has a college education and previously worked as a licensed practical nurse for more than twenty years. (R. 32.) Duncan alleges a disability onset date of July 21, 2015, due to mal de debarquement syndrome ("MdDs"). (R. 33, 149, 150.)

On October 31, 2016, Duncan applied for a period of disability and DIB under Title II (42 U.S.C. §§ 401, *et seq.*) and Part A of Title XVIII of the Social Security Act (42 U.S.C. § 1395c, *et seq.*). (R. 134.) Following an unfavorable initial determination (R. 72), Duncan filed a request for a hearing before an Administrative Law Judge ("ALJ") on May 9, 2017 (R. 82). The hearing was held on October 4, 2018. (R. 27.) The ALJ returned an unfavorable decision on December 12, 2018 (R. 9-21), and Duncan filed a Request for Review of Hearing Decision (R. 2). The Appeals Council denied her request for review on December 6, 2019, stating that they found no reason under their rules to review the ALJ's decision. (R. 9.) The hearing decision subsequently became the final decision of the Commissioner.[4] Duncan now seeks review of the Commissioner's final decision. (Doc. No. 1.)

---

[3] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (Doc. No. 17.)

[4] "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted).

2

## II. STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id*. at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the

Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III. STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB must prove that she is disabled. *See* 20 C.F.R. § 404.1505.[5] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that

---

[5] "[T]he claimant bears the burden of proving that [s]he is disabled, and, . . . [s]he is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citation omitted).

significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ in this case found that Duncan has not engaged in substantial gainful activity since the alleged onset date of disability, July 21, 2015, through her date last insured of September 30, 2018, and that she is severely impaired by MdDs. (R. 14.) The ALJ concluded, however, that Duncan's impairment does not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (R. 16.)

After consideration of the entire record, the ALJ determined that Duncan retains the RFC to perform medium work[6] as defined in 20 C.F.R. § 404.1567(c), "except that she could occasionally climb ramps and stairs, balance, and stoop; could never climb ladders, ropes, or scaffolds; and should have avoided all exposure to hazards such as machinery and unprotected heights." (R. 17.)

Based upon the testimony of the Vocational Expert ("VE"), the ALJ determined that Duncan was precluded from performing any of her past relevant work. (R. 19.) The

---

[6] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally, and other sedentary criteria are met." 20 C.F.R. § 404.1567 (a).

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

ALJ also concluded that Duncan was not disabled as defined by the Act because her age, education, work experience, and RFC would allow her to make a successful adjustment to other work that exists in significant numbers in the national economy. (R. 20.) The ALJ further concluded that Duncan had not been under a disability, as defined in the Social Security Act, at any time from July 21, 2015, the alleged onset date, through September 30, 2018, the date last insured. (R. 21.)

## V.  DISCUSSION

Duncan presents two arguments on appeal. First, she argues the ALJ's findings of her RFC are inconsistent with the ALJ's acceptance of the opinions of Drs. Gloria Sellman ("Dr. Sellman") and Marcia Lipski ("Dr. Lipski"), two State agency medical consultants. Second, she argues the ALJ's rejection of the opinion of her examining and treating sources is not supported by substantial evidence. Because the ALJ's treatment of opinions by examining sources impacts the sufficiency of the RFC determination, the Court discusses that claim first below.

   A.  <u>Whether the ALJ's Evaluation of the Opinions of Duncan's Examining and Treating Sources is Supported by Substantial Evidence</u>

Duncan argues the ALJ improperly discredited the opinion of Dr. Farrukh Kahn ("Dr. Kahn"), an examining neurologist, by unsupported, conclusory statements which lack substantial evidence. (Doc. No. 15 at 12-13.) Duncan also argues the ALJ's decision to give little weight to the opinion of Michael Warren ("Warren"), her treating chiropractor, is not supported by substantial evidence and is improper. (*Id*. at 14.) Duncan further argues that the ALJ improperly rejected the opinion of Kim Connor ("Connor"), an examining

physical therapist, by failing to describe the physical therapy treatment she received in the ALJ's summary of the evidence and failing to offer any reasoning as to the rejection. (*Id*. at 15.)  The court addresses each of these arguments in turn.

        1.        Opinion of Dr. Kahn

Dr. Kahn completed a disability evaluation report for Duncan on December 27, 2016.  (R. 268-270.)  After examining Duncan, Dr. Kahn found that Duncan had an unsteady gait and that she swayed when she walked.  (R. 269.)  Dr. Khan noted that Duncan is able to walk independently, is able to "do tandem gait with minimal support[,]" but "waiver[ed] somewhat." (*Id*.)  Additionally, Dr. Kahn administered a Romberg test and found that Duncan's results were "positive mildly." (*Id.*)  Dr. Kahn noted that Duncan had been diagnosed with MdDs and opined the following:

> [Duncan]'s ability to sit is unimpaired.  Her ability to stand with eyes open is unimpaired.  With eyes closed, [she] loses her balance and needs help and becomes unsteady.
>
> Walking is unsteady.
>
> Her ability to lift is unimpaired for the most part but is unsafe due to her balance.
>
> Her carrying ability is unsafe due to her balance.
>
> Her ability to handle objects, speaking and hearing is unimpaired.
>
> Her ability to travel is mildly impaired due to her balance.

(*Id.* at 269-270.)  In the hearing decision, the ALJ summarized Dr. Kahn's findings and gave Dr. Kahn's medical opinion little weight because "his opinion is internally

8

inconsistent, and Dr. Sellman's [Physical Residual Functional Capacity ("PRFC")] assessment is more consistent with the record as a whole." (R. 19.)

Duncan argues that the ALJ did not provide an adequate explanation for the rejection of Dr. Kahn's opinion. (Doc. No. 15 at 13.) The Commissioner responds that a one-time examiner's opinions are not entitled to any deference and the ALJ is not required to provide "good reason" for discounting such opinions. (Doc. No. 16 at 6) (citing C.F.R. § 404.1527(c)(2)).[7] The Commissioner also contends:

> ***Perhaps the ALJ did not explain further because the inconsistencies are obvious***: Dr. Kahn stated both that [Duncan]'s lifting ability was unimpaired and that it was unsafe for her to lift any weight. If it were actually unsafe for her to lift, that would of course mean that her ability to lift was, in fact, impaired.

(Doc. No. 16 at 9) (emphasis added).

The applicable law is well-established.

> "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight." *Lewis*, 125 F.3d at 1440; *see also* 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. With

---

[7] On January 18, 2017, the Commissioner published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. As part of the final rules, the Commissioner rescinded SSR 96-5p. *See* 82 Fed. Reg. at 5845; 82 Fed. Reg. 15,2663 (Mar. 27, 2017). The final rules and recission of SSR 96-5p apply only to claims filed on or after March 27, 2017, and because Duncan applied for benefits before the effective date, SSR 96-5p and 20 C.F.R. § 404.1527 apply to her case.

9

good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id*. at 1240–41.

> Moreover, the ***ALJ must state with particularity the weight given to different medical opinions and the reasons therefor***. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (emphasis added).

Here, the Court agrees with Duncan that the ALJ failed to state with particularity the reason for attributing little weight to Dr. Kahn's opinion. The ALJ concluded that Dr. Kahn's opinion was "internally inconsistent" but "failed to clearly articulate what the internal inconsistency is or what evidence led to that conclusion." *Delgado v. Comm'r of Soc. Sec.*, No. 20-14234, 2021 WL 4099237, at *4 (11th Cir. Sept. 9, 2021) (rejecting ALJ's finding that medical opinion 'was not supported by the record and internally inconsistent' as good cause for affording it little weight). For example, it is not inconsistent to find that Duncan's ability to lift is unimpaired and find it is unsafe for her to lift due to her balance. Given the typical symptoms of MdDs, it is not inconsistent to say that a person with MdDs is able to lift items, while at the same time be at risk of injury once those items

10

are lifted, as the rocking sensation that a person with MdDs experiences may cause her to lose balance. It is plausible that Duncan could lift items, as MdDs has not impacted her arm and upper body strength, but because it has impacted her balance, the act of lifting an item could create a dangerous situation for herself and for those around her.

In addition, the opinions or findings of a non-examining physician are entitled to little weight when they contradict the opinions or findings of a treating or examining physician. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Thus, the opinion of Dr. Khan, an examining neurologist, is entitled to more weight than Dr. Sellman, a medical consultant and non-examining physician. In order for the ALJ to properly give more weight to Dr. Sellman's opinion over Dr. Khan's opinion, the ALJ must specifically articulate his reasons for doing so. This the ALJ did not do. The ALJ concluded that Dr. Sellman's PRFC assessment is more consistent with the record than Dr. Khan's opinion but the ALJ did not state how the record fails to support Dr. Kahn's opinion. This "failure makes the ALJ's decision to discount [Dr. Kahn's] opinion difficult to evaluate with any sort of precision." *Delgado*, 2021 WL 4099237, at *5; *Simon v. Comm'r of Soc. Sec.*, 7 F.4th 1094, 1099-1100, 1108-1109 (11th Cir. 2021) (holding the ALJ failed to articulate reasonable grounds for affording opinion of one-time psychological examiner little weight where the ALJ did not specify contradictory evidence). Conclusory statements by an ALJ that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *See Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593, *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence

contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, *5 (M.D. Fla. April 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). Otherwise, the court would be left in a situation where it would have to impermissibly reweigh the evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner"). This court declines to do such an act.

Furthermore, the Commissioner's argument is unavailing. The Eleventh Circuit has elucidated that a court's review on appeal in Social Security matters is limited to the agency decision. *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (finding "our review is limited to the agency decision") (citation omitted). "The Supreme Court has held that a court may not accept appellate counsel's *post hoc* rationalizations for agency actions." *Id*. (citing *FPC v. Texaco Inc.,* 417 U.S. 380, 397 (1974)). "If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Id*. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (declining to affirm "simply because some rationale might have supported the ALJ's conclusion"). Thus, the Commissioner's assertion that the "ALJ did not explain further because the inconsistencies" in Dr. Kahn's opinion "are obvious" does not carry the day. This Court must "review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Without further explanation from the ALJ regarding his

12

rejection of Dr. Kahn's opinion, this Court is unable to determine whether the ALJ's finding was based on substantial evidence. Because the ALJ failed to provide adequate reasoning for giving little weight to Dr. Kahn's opinion due to its "internal inconsistencies," the decision of the Commissioner is due to be remanded.

        2.        Opinion of Chiropractor Warren

Duncan was treated by chiropractor Warren for lower back pain monthly between May 2017 and August 2018. (R. 326-328, 359-370.) Warren completed a Physical Capacities Evaluation ("PCE") of Duncan, opining that (1) she could lift 5 pounds frequently to 10 pounds occasionally but that the lifting or carrying of anything over 10 pounds makes it difficult to keep her balance; (2) sitting for 1 or more hours increases rocking; (3) standing and walking are very difficult for her due to her balance issues; and (4) she could never perform the majority of the physical activities listed. (R. 423). The ALJ noted twice in his decision that Duncan received "chiropractic care" but neither summarized nor discussed at length the treatment from Warren. (R. 14, 18.) The ALJ also noted that Warren completed a PCE which "indicat[ed] that [Duncan] was unable to sustain even sedentary work on a regular and continuing basis." (R. 19.) The ALJ gave the PCE little weight, stating "[a]lthough Dr. Warren has treated [Duncan], his overly restrictive PCE is not supported by the longitudinal evidence of record" and Dr. Sellman's PRFC assessment is more consistent with the record as a whole." (R. 19.)

On appeal, Duncan argues that the ALJ "improperly evaluated and summarized the longitudinal evidence in his opinion as it relates to the extensive chiropractic care [Duncan] received" by "merely mention[ing] that [Duncan] received 'chiropractic care' without any

13

description or details of her care." (Doc. No. 25 at 13.) Duncan argues that the ALJ's conclusory statements regarding the PCE are improper and his decision to give little weight to Warren's opinion is not supported by substantial evidence. (*Id*. at 14.)

The Commissioner responds that the ALJ properly gave Warren's opinions little weight because they were "unsupported by and inconsistent with the evidence as a whole," and because chiropractors are not acceptable medical sources within the meaning of the regulations. (Doc. No. 16 at 11.) Additionally, the Commissioner contends that because chiropractors are not acceptable medical sources, an opinion from a chiropractor is not a medical opinion. (*Id.*)

Here, the court finds no reversible error. As the Eleventh Circuit stated in *Sims v. Comm'r of Soc. Sec*., 706 F. App'x 595 (11th Cir. 2017),

> [b]ecause a chiropractor is not an "acceptable medical source," an ALJ has no duty to give controlling weight to a chiropractor's views. *See* 20 C.F.R. § 404.1527(a)(1), (c)(2); SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006) (listing chiropractors among those "[m]edical sources who are not 'acceptable medical sources' "). For an "other source," such as a chiropractor, an ALJ generally should "explain the weight given" to the opinion or "otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *See* SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006).

*Sims*, 706 F. App'x at 603. In this case, as required, the ALJ explained the weight given to Warren's opinion and provided sufficient detail to allow this court to follow his reasoning in rejecting the PCE. Accordingly, the court finds no reversible error on this issue.

      3.      Opinion of Physical Therapist Connor

In September of 2018, Duncan visited Kim Connor ("Connor,") a physical therapist, who subsequently conducted a physical work performance evaluation ("PWPE") for Duncan. (R. 427-432.) Connor concluded that Duncan does not demonstrate the ability to perform sedentary work. (R. 427.) Connor noted that Duncan "does demonstrate the functional strength to perform lifting, carrying and pulling/pushing tasks, but the problem lies within her ability to perform such tasks safely due to her decreased balance secondary to her diagnosis of [MdDs]." (R. 427.) The ALJ discounted the PWPE as "overly restrictive," stated that it was "not supported by the longitudinal evidence of record," and stated that it was not as "consistent with the record as a whole" when compared to Dr. Sellman's PRFC assessment. (R. 19.)

On appeal, Duncan argues that the ALJ failed to describe the physical therapy treatment Duncan received in the summary of the longitudinal evidence and failed to offer any reasoning as to why Duncan's PWPE was overly restrictive. (Doc. No. 15 at 15.) Additionally, Duncan argues that the ALJ's "naked comparison and choice to favor the opinion of non-examining physician Dr. Sellman over Duncan's examining physical therapist is inconsistent with the instructions set forth in 20 C.F.R. § 404.1527(e)(1)." (*Id.*)

The Commissioner responds that, like chiropractors, physical therapists are not acceptable medical sources. (Doc. No. 16 at 14). Thus, the Commissioner argues, their opinions are not medical opinions and are not entitled to any special significance or consideration. (*Id.*) The Commissioner further states that ALJs are generally not required to articulate specific reasons for discounting non-medical sources. (*Id.*)

Again, the court finds no reversible error. A physical therapist is not an acceptable medical source. *See* SSR 06-03p, 2006 WL 2329939, at *2 ("Medical sources who are not 'acceptable medical sources,' such as nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists . . ."). Statements from a physical therapist are entitled to consideration as additional evidence, but are not entitled to controlling weight. *See Freeman v. Barnhart*, 220 F. App'x 957, 961 (11th Cir. 2007) (noting the opinion of the physical therapist "is entitled to less weight than the opinions of the medical doctors because he is a physical therapist"). In light of the evidence from Drs. Sellman, Lipski and Khan indicating that Duncan's MdDs may not be as severe as she claimed, the ALJ's decision to assess no evidentiary value to Connor's PWPE is supported by substantial evidence.

  B. <u>Whether the ALJ's RFC Determination is Supported by Substantial Evidence</u>

Duncan argues that the ALJ's findings of her RFC are inconsistent with his acceptance of the opinions of Drs. Sellman and Lipski, thus rendering the RFC unsupported by substantial evidence. (Doc. No. 15 at 9.) Duncan contends the RFC does not account for the need to avoid open bodies of water or preclude commercial driving as opined by Dr. Sellman and agreed to by Dr. Lipski. (*Id*. at 11.) Duncan argues the ALJ does not explain or provide reasons why he rejected this portion of Dr. Sellman's opinion and that such rejection is legal error. (*Id*.)

The Commissioner responds that Duncan has offered no legal support for her argument and that Duncan has failed to show there was any issue with the ALJ not adopting all hazards identified by Dr. Sellman. (Doc. No. 16 at 7, 8.)

In this case, the ALJ found that Duncan had the RFC to perform medium work as defined in 20 C.F.R. § 404.1527(c) except that she could occasionally climb ramps and stairs, balance and stoop; could never climb ladders, ropes, or scaffolds; and should have avoided all exposure to hazards such as machinery and unprotected heights. (R. 17, 18.) In explaining how he found this RFC, the ALJ explained:

> As for opinion evidence, on January 27, 2017, [Dr. Sellman,] a state agency medical consultant, completed a physical residual functional capacity ("PRFC") assessment indicating that [Duncan] could perform medium work except that she could frequently balance; could occasionally stoop and climb ramps and stairs; could never climb ladders, ropes, or scaffolds; and ***should have avoided*** all exposure to hazards such as unenclosed heights, heavy machinery, ***open bodies of water, and commercial driving***. On February 24, 2017, [Dr. Lipski,] another state agency medical consultant, agreed with Dr. Sellman's PRFC findings. The undersigned gives the PRFC assessment great weight. Drs. Sellman and Lipski are familiar with Social Security law and regulations, and the PRFC assessment is generally consistent with the record as a whole.

(R. 18-19) (emphasis added).

In determining a claimant's RFC, which is " 'that which an individual is still able to do despite the limitations caused by his or her impairments[,]' " the ALJ "considers all the evidence in the record[.]" *Washington v. Social Sec. Admin., Comm'r*, 503 F. App'x 881, 882-83 (11th Cir. 2013). "The RFC assessment must always consider and address medical source opinions." SSR 96-8p, 1996 WL 374184, at *7. Moreover, if the residual functional capacity "assessment conflicts with an opinion from a medical source, the adjudicator must

17

explain why the opinion was not adopted." *Id.*; *see also Winschel*, 631 F.3d at 1179 ("[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor.").

In this case, despite giving "great weight" to Dr. Sellman's opinion, the ALJ neither explicitly adopted nor explicitly rejected Dr. Sellman's opinion that Duncan should avoid open bodies of water and commercial driving. The ALJ also offered no explanation or justification for the implicit rejection of Dr. Sellman's opinion. While it is possible that the ALJ considered and properly rejected Dr. Sellman's opinion, "without clearly articulated grounds for such a rejection," the Court "cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Winschel,* 631 F.3d at 1179; *see also* SSR 96-8p. Accordingly, the Court must remand.

## VI.   CONCLUSION

For the foregoing reasons, the Court finds that the decision of the Commissioner is not supported by substantial evidence. Therefore, it is hereby

ORDERED that the decision of the Commissioner is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is REMANDED for further proceedings consistent with this opinion.

A separate judgment will be issued.

DONE this 28th day of December, 2021.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE